UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:03-CR-226 CEJ |
| | ) |
| CHARLENE WALLER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court upon the motions to reduce sentence filed by defendant Charlene Waller, pursuant to 18 U.S.C. § 3582(c). The defendant also requests a resentencing hearing. The United States has filed a response, stating that it does not oppose a reduction in the defendant's sentence but that it does oppose the request for a hearing.

The parties do not dispute that the 90-month sentence of imprisonment imposed pursuant to the defendant's conviction for distribution of more than five grams of cocaine base is eligible for reduction by reason of the retroactive Amendment 706 to U.S.S.G. § 2D1.1. The effect of Amendment 706 was to reduce by two levels the base offense level applicable to cocaine base offense. At sentencing, the guideline range for imprisonment was 87-108 months. As a consequence of the amended guideline, the defendant's guideline range for imprisonment is now 70-87 months.

The parties disagree on whether the defendant's sentence reduction is limited to the extent of the two levels resulting from Amendment 706. The defendant asserts that because the sentencing guidelines are advisory, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the extent of any sentence reduction. See Gall v. United States, ___ U.S. ___, 128 S.Ct. 586 (2007); Kimbrough v. United States, ___ U.S. ___, 128 S.Ct. 558 (2007). The Court disagrees.

By its amendment of the policy statement of U.S.S.G. § 1B1.10, the Commission has made clear its position with respect to sentence reductions under the circumstances presented here. Thus, § 1B1.10(a) provides, in relevant part:

**(a) Authority.---**

**(1) In General.---In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.**

**\*\*\*\*\***

**(3) Limitation.--- Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this**

> **policy statement do not constitute a full resentencing of the defendant.**

The statutory provision cited in the policy statement, 18 U.S.C. § 3582(c)(2), provides in part:

> **(c) Modification of an imposed term of imprisonment.---The court may not modify a term of imprisonment once it has been imposed except that—**
>
> **\*\*\*\*\***
>
> **(2) in the case of a defendant, who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

Based on the language of the statute and the policy statement, the Court concludes that the maximum relief available to the defendant is the two-level offense level reduction authorized by the amendment to § 2D1.1. Having reviewed the original presentence report and information regarding the defendant's institutional adjustment, and considering the applicable factors set forth in 18 U.S.C. § 3553(a)(1) and (2)(A), (B) and (C), the Court concludes that the defendant's sentence of imprisonment should be reduced to 70 months.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to reduce sentence is **granted**.

**IT IS FURTHER ORDERED** that the defendant's sentence of imprisonment is reduced to 70 months, pursuant to 18 U.S.C. § 3582(c)(2).

Judgment will be entered, effective April 5, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 26th day of March, 2008.